**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| **PEGGY JEAN CALVIRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:19cv00507** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES LLC.** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | ) | |
| **TRANS UNION, LLC, and** | ) | |
| **WELLS FARGO BANK, N.A. D/B/A** | ) | |
| **WELLS FARGO HOME MORTGAGE,** | ) | |
| **Defendants.** | | |

**DEFENDANT WELLS FARGO BANK, N.A.'S**
**ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage ("Wells Fargo"), by and through its undersigned counsel, submits its Answer and Affirmative Defenses in response to the Complaint ("Complaint") filed by Plaintiff Peggy Jean Calvird ("Plaintiff").

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Wells Fargo responds as follows:

**I. PRELIMINARY STATEMENT**

1.      The allegations in Paragraph 1 of the Complaint contain a general description of the lawsuit to which no response is required.  Wells Fargo denies all claims in the Complaint, including allegations that Wells Fargo violated the Fair Credit Reporting Act ("FCRA"), and denies that Plaintiff is entitled to any relief in any amount whatsoever under any theory whatsoever.

2.      Paragraph 2 of the Complaint contains a general description of the lawsuit to which no response is required.  Wells Fargo denies all claims in the Complaint including allegations that

Wells Fargo violated the Fair Credit Reporting Act ("FCRA"), and denies that Plaintiff is entitled to any relief in any amount whatsoever under any theory whatsoever.

3.      Paragraph 3 of the Complaint contains a general description of the lawsuit to which no response is required.  Wells Fargo denies all claims in the Complaint including allegations that Wells Fargo violated the Fair Credit Reporting Act ("FCRA"), and denies that Plaintiff is entitled to any relief in any amount whatsoever under any theory whatsoever.

## II. JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

5.      The allegations in Paragraph 5 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

## III. PARTIES

6.      Wells Fargo admits that Plaintiff is a natural person. Wells Fargo is without sufficient knowledge to admit or deny whether Plaintiff resides in Suffolk, Virginia.  The remaining allegations in Paragraph 6 contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

7.      Paragraph 7 is not directed at Wells Fargo.  To the extent that Paragraph 7 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response.  To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 7.

8.      Paragraph 8 is not directed at Wells Fargo.  To the extent that Paragraph 8 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response.  To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 8.

9.      Paragraph 9 is not directed at Wells Fargo.  To the extent that Paragraph 9 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response.  To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 9.

10.      Paragraph 10 is not directed at Wells Fargo.  To the extent that Paragraph 10 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response. To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 10.

11.      Paragraph 11 is not directed at Wells Fargo.  To the extent that Paragraph 11 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response.  To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 11.

12.      Paragraph 12 is not directed at Wells Fargo.  To the extent that Paragraph 12 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response.  To the

extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 12.

13.     Paragraph 13 is not directed at Wells Fargo.  To the extent that Paragraph 13 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response. To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 13.

14.     Paragraph 14 is not directed at Wells Fargo.  To the extent that Paragraph 14 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response.  To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 14.

15.     Paragraph 15 is not directed at Wells Fargo.  To the extent that Paragraph 15 contains allegations regarding any other Defendant named herein, Wells Fargo is without sufficient knowledge to admit or deny such allegations and, thus, does not provide any response.  To the extent that any such allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 15.

16.

In response to the allegations set forth in Paragraph 16 of the Complaint, Wells Fargo admits it is a federally-insured bank engaged in the business of providing financial services. Wells Fargo admits it is authorized to do business in the Commonwealth of Virginia through its registered

offices in Richmond, Virginia. The remaining allegations set forth in Paragraph 16 contain legal conclusions to which no response is requested.  To the extent the allegations are contrary to the law, they are denied.

## IV. FACTS

17.     The allegations set forth in Paragraph 17 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

18.     The allegations set forth in Paragraph 18 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

19.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.     The allegations set forth in Paragraph 22 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

23.     The allegations set forth in Paragraph 23 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

24.     The allegations set forth in Paragraph 24 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

25.     The allegations set forth in Paragraph 25 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

26.     The allegations set forth in Paragraph 26 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

27.     The allegations set forth in Paragraph 27 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

28.     The allegations set forth in Paragraph 28 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

29.     The allegations set forth in Paragraph 29 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

30.     The allegations set forth in Paragraph 30 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

31.     The allegations set forth in Paragraph 31 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

32.     The allegations set forth in Paragraph 32 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

33.     The allegations set forth in Paragraph 33 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

34.     The allegations set forth in Paragraph 34 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

35.     The allegations set forth in Paragraph 35 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

36.     The allegations set forth in Paragraph 36 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

37.     The allegations set forth in Paragraph 37 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

38.     The allegations set forth in Paragraph 38 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

39.     Wells Fargo states that the referenced legal authorities in Paragraph 39 speak for themselves, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the legal authorities, the allegations are denied.

40.     The allegations set forth in Paragraph 40 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

41.     The allegations set forth in Paragraph 41 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

42.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies the same.

**B. Facts Regarding FCRA Causes of Action**

43.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     The allegations set forth in Paragraph 46 of the Complaint refer to documents which speak for themselves.  To the extent the allegations vary from those documents, they are denied.

To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 46.

## **Inaccurate and Derogatory Reporting by Equifax**

47.     Paragraph 47 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 47.

48.     Paragraph 48 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 48.

49.     Paragraph 49 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 49.

## **Inaccurate and Derogatory Reporting by Experian**

50.     Paragraph 50 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be

deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 50.

51.     Paragraph 51 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 51.

52.     Paragraph 52 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 52.

## Inaccurate and Derogatory Reporting by Trans Union

53.     Paragraph 53 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 53.

54.     Paragraph 54 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 54.

55.     Paragraph 55 is not directed at Wells Fargo.  Therefore, no response is required.
Furthermore, the allegations refer to documents that speak for themselves.  To the extent the
allegations vary from those documents, they are denied.  To the extent that any allegations may be
deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of
Paragraph 55.

### September 2018 Disputes

56.     Paragraph 56 is not directed at Wells Fargo.  Therefore, no response is required.
Furthermore, the allegations refer to documents that speak for themselves.  To the extent the
allegations vary from those documents, they are denied.  To the extent that any allegations may be
deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of
Paragraph 56.

57.     Paragraph 57 is not directed at Wells Fargo.  Therefore, no response is required.
Furthermore, the allegations refer to documents that speak for themselves.  To the extent the
allegations vary from those documents, they are denied.  To the extent that any allegations may be
deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of
Paragraph 57.

58.     Paragraph 58 is not directed at Wells Fargo.  Therefore, no response is required.
Furthermore, the allegations refer to documents that speak for themselves.  To the extent the
allegations vary from those documents, they are denied.  To the extent that any allegations may be
deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of
Paragraph 58.

59.     Paragraph 59 is not directed at Wells Fargo.  Therefore, no response is required.
Furthermore, the allegations refer to documents that speak for themselves.  To the extent the

allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 59.

### Responses to September 2018 Disputes

60.     Paragraph 60 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 60.

61.     Paragraph 61 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 61.

62.     Paragraph 62 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 62.

63.     Paragraph 63 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be

deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 63.

## January 2019 Disputes

64.     Paragraph 64 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 64.

65.     Paragraph 65 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 65.

66.     Paragraph 66 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 66.

67.     Paragraph 67 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 67.

**Responses to January 2019 Disputes**

68.     Paragraph 68 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 68.

69.     Paragraph 69 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 69.

70.     Paragraph 70 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 70.

71.     Paragraph 71 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 71.

72.     Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  Paragraph 72 is not directed at

Wells Fargo.  Therefore, no response is required.   To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 72.

## **March 2019 Disputes**

73.   Paragraph 73 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 73.

74.   Paragraph 74 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 74.

75.   Paragraph 75 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 75.

76.   Paragraph 76 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be

deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 76.

### Responses to March 2019 Disputes

77.     Paragraph 77 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 77.

78.     Paragraph 78 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 78.

79.     Paragraph 79 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 79.

80.     Paragraph 80 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 80.

81.     Paragraph 81 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 81.

82.     Paragraph 82 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 82.

83.     Paragraph 83 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 83.

84.     Paragraph 84 is not directed at Wells Fargo.  Therefore, no response is required.  Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.  To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 84.

### Inaccurate and Derogatory Reporting by Wells Fargo

85.     The allegations in Paragraph 85 refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.

86.     The allegations in Paragraph 86 refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.

87.     Wells Fargo denies the allegations set forth in Paragraph 87.

88.     The allegations in Paragraph 88 refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.

89.     Wells Fargo states that the referenced reporting guidelines in Paragraph 89 speak for themselves, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the reporting guidelines, the allegations are denied.

90.     Wells Fargo states that the referenced authorities in Paragraph 90 speak for themselves, and to the extent Plaintiffs misquote, misstate, mischaracterize, or take out of context the authorities, the allegations are denied.

91.     The allegations in Paragraph 91 are legal conclusiosn to which no response is required.  To the extent they are contrary to law, they are denied.

92.     Wells Fargo denies the allegations set forth in Paragraph 92.

93.     Wells Fargo denies the allegations set forth in Paragraph 93.

94.     Wells Fargo denies the allegations set forth in Paragraph 94.

95.     Wells Fargo denies the allegations set forth in Paragraph 95.

V. <u>CLAIMS FOR RELIEF</u>

COUNT ONE:
<u>VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
15 U.S.C. § 1681e(b) (EQUIFAX, EXPERIAN, and TRANS UNION)

96.     Wells Fargo restates its answers and defenses to Paragraphs 1-95.

97.     Paragraph 97 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 97.

98.     Paragraph 98 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 98.

99.     Paragraph 99 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 99.

100.     Paragraph 100 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 100.

### COUNT TWO:
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a) (EQUIFAX, EXPERIAN, and TRANS UNION)

101.     Wells Fargo restates its answers and defenses to Paragraphs 1-100.

102.     Paragraph 102 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 102.

103.     Paragraph 103 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 103.

104.    Paragraph 104 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 104.

105.    Paragraph 105 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 105.

106.    Paragraph 106 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 106.

107.    Paragraph 107 is not directed at Wells Fargo.  Therefore, no response is required. To the extent that any allegations may be deemed to be directed at Wells Fargo, Wells Fargo hereby denies any and all allegations of Paragraph 107.

COUNT THREE:
VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681s-2(b)(1) (WELLS FARGO)

108.    Wells Fargo restates its answers and defenses to Paragraphs 1-107.

109.    Wells Fargo denies the allegations set forth in Paragraph 109 of the Complaint.

110.    Paragraph 110 is not directed at Wells Fargo.  Therefore, no response is required. Furthermore, the allegations refer to documents that speak for themselves.  To the extent the allegations vary from those documents, they are denied.

111.    Wells Fargo denies the allegations set forth in Paragraph 111 of the Complaint.

112.    Wells Fargo denies the allegations set forth in Paragraph 112 of the Complaint.

113.    The allegations in Paragraph 113 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied

114.    The allegations set forth in Paragraph 114 of the Complaint refer to documents which speak for themselves and contain legal conclusions.  To the extent the allegations vary from those documents or are contrary to the law, they are denied.

115.    The allegations set forth in Paragraph 115 regarding prior civil actions against Wells Fargo refer to publicly filed documents which speak for themselves and to which no response is required.  To the extent a response is required, or the allegations vary from the documents, they are denied.

116.    The allegations set forth in Paragraph 116 refer to documents that speak for themselves.  To the extent that Paragraph 116 is contrary to the documents or contains any allegations of fact or wrongdoing, it is denied.

117.    The allegations set forth in Paragraph 117 refer to documents that speak for themselves.  To the extent that Paragraph 117 is contrary to the documents or contains any allegations of fact or wrongdoing, it is denied.

118.    Wells Fargo denies the allegations set forth in Paragraph 118 of the Complaint.

119.    Wells Fargo denies the allegations set forth in Paragraph 119 of the Complaint.

120.    Wells Fargo denies the allegations set forth in Paragraph 120 of the Complaint.

## VI. DEMAND FOR RELIEF

1.    Wells Fargo denies that Plaintiff is entitled to any of the relief and/or judgment requested in the WHEREFORE paragraph immediately following Paragraph 120 of the Complaint, including subparagraphs 1 – 4, or for any other relief whatsoever.

2.      Wells Fargo denies that Plaintiff is entitled to any relief and denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever.

3.      Wells Fargo denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

4.      Wells Fargo denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

5.      Wells Fargo further states that its investigation of the present matter is ongoing. Accordingly, Wells Fargo reserves the right to amend this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Wells Fargo hereby asserts the following affirmative and other defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

1.      Plaintiff's Complaint fails to state a plausible claim against Wells Fargo upon which relief may be granted as a matter of law and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009). Wells Fargo reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiffs' claims.

2.      Plaintiff's claims fail because Wells Fargo acted reasonably and prudently, and in compliance with the applicable law at all times.

3.      Plaintiff's claims fail because Plaintiffs' claims, if any, were the result of acts or omissions of third parties over whom Wells Fargo has no control or responsibility.

4.      Plaintiff's claims fail to the extent that Plaintiff has not suffered any actual damages or other injury.

5. Plaintiff's claims fail because their purported damages, if any, were the direct and proximate result of the conduct of Plaintiff or others.

6. Plaintiff's claims are barred to the extent that Wells Fargo substantially complied with the requirements of the FCRA.

7. Plaintiff's claims are barred because Wells Fargo did not act negligently or willfully under the FCRA.

8. Wells Fargo avers that at all times its conduct was neither willful, wanton, or reckless, and at all times Wells Fargo acted innocently, in good faith, and without malice or intent to injure Plaintiff.

9. The relief sought in the Complaint would be disproportionate to the alleged harm, would be excessive, and would violate Wells Fargo's constitutional rights.

10. Wells Fargo reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant, Wells Fargo Bank, N.A., by counsel, respectfully requests that the Court dismiss all of the Plaintiffs' claims against Wells Fargo, with prejudice, enter judgment in favor of Wells Fargo and against Plaintiffs, and award Wells Fargo such other and further relief as the Court may deem just and appropriate.


Dated: October 25, 2019                 Respectfully submitted,
                                        **WELLS FARGO BANK, N.A., D/B/A**
                                        **WELLS FARGO HOME MORTGAGE**
                                        By: ____/s/ *Maryia Y. Jones*____
                                        Of Counsel

Jason Manning (VSB # 74306)
Maryia Y. Jones (VSB # 78645)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7539
Facsimile:  (757) 687-1542
E-mail: jason.manning@troutmansanders.com
E-mail: maryia.jones@troutmansanders.com

*Counsel for Wells Fargo Bank, N.A.*